IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALYNA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | NO: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | FILED |
| UNION PACIFIC RAILROAD | ) | March 18, 2008   TG |
| COMPANY, | ) | 08cv1574 |
| | ) | Judge DER-YEGHIAYAN |
| Defendant. | ) | Magistrate Judge VALDEZ |

## COMPLAINT

**NOW COMES** the Plaintiff, **ALYNA WALKER**, by and through his attorney, John S. Bishof, Jr. of the Law Office of John Bishof, PC, and for his Complaint against the Defendant, **UNION PACIFIC RAILROAD COMPANY**, states unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States and is brought pursuant to Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*; Title I of the Civil Rights Act of 1991; and Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §621, to correct unlawful employment practices on the basis of race and age and to provide appropriate relief to classes of employees who were adversely affected by such practices.

2. This Court has jurisdiction of the claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

1

4. The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, **Alyna Walker**, is now, and at all times relevant hereto, a citizen of the State of Illinois and resident of this District in the County of Cook.

6. Defendant, **Union Pacific Railroad Company (hereinafter "UP")**, is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska. **UP**, at all relevant times, does business as a common carrier by rail in counties of this District to include the County of Cook. The **UP**, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois. **UP** is and was an employer under Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)). For purposes of the Civil Rights Act of 1991 (42 U.S.C. 1981a), **UP** is an employer who employs in excess of fifteen (15) employees.

7. At all times relevant hereto, Plaintiff, **Alyna Walker**, was employed by Defendant, **UP**, as a machinist.

## ADMINISTRATIVE REQUIREMENTS

8. On or about July 17, 2007, Plaintiff filed charges of Discrimination against Defendant with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-06405 ("Exhibit A").

9. Plaintiff's Charge 440-2007-06405 was timely filed after the alleged unlawful employment practice occurred. Thus, Plaintiff has satisfied all administrative prerequisites for said charge.

10. Plaintiff filed an additional Charge of Discrimination with the Illinois Department of Human Rights the EEOC on or about July 30, 2007, Charge No. 440-2007-06723. (Attached as Exhibit B).

11. Plaintiff's Charge 440-2007-06723 was timely filed after the alleged unlawful employment practice occurred. Thus, Plaintiff has satisfied all administrative prerequisites for said charge.

12. Plaintiff received right to sue letters for charge 440-2007-06405 and charge 440-2007-00723 from the EEOC both dated January 15, 2008. Said right to sue letters are attached hereto as "Exhibit C" and "Exhibit D", respectively. This case is filed within ninety (90) days thereof.

## BACKGROUND

13. Plaintiff began his employment on or about June 18, 1996 with defendant, UP, as a machinist.

14. Plaintiff had a good performance track record with the defendant.

15. A pattern of discrimination began in May 2006 and intensified, causing plaintiff to file his EEOC charge no. 440-2007-06405. Such discriminatory conduct against plaintiff included:

a) In May 2006, plaintiff reported a white male engineer for violation of the safety regulations and his report was ignored and dismissed by the white male senior manager;

    b) On September 18, 2006, plaintiff was "bumped" from his position as a Machinist In Charge "MIC" to the position of Machinist, though he was never disqualified and had worked the job for two and a half years, by a less experienced white male;

    c) Though plaintiff was the most senior machinist, defendant assigned to him menial jobs more suitable for and historically assigned to an apprentice or entry level machinist. An example of such an assignment was requiring plaintiff to clean the shop by himself;

    d) In December 2006, Plaintiff applied for the foreman position in his area and was not selected though plaintiff had over twelve years of experience at UP, was the "senior man" on all of his recent jobs, had multiple years of "MIC" experience, and experience as a move foreman. Defendant selected a twenty-five year old, white male, whose related work history included only the completion of his initial electrician training;

    e) In 2007, plaintiff was assigned to the same "MIC" job he was bumped from on September 18, 2006. Soon after Plaintiff inquired about the position including a job description, wages, and responsibilities, plaintiff was removed from the position;

    f) Defendant further harassed plaintiff by falsely accusing plaintiff of not completing jobs that were never assigned to him; and

    g) In April 2007, plaintiff was accused of insubordination by his white foreman and an investigation was held which found plaintiff was innocent of the charges.

16.     Plaintiff filed EEOC charge No. 440-2007-06405 alleging racial and age discrimination on July 17, 2007, and defendant, in retaliation, suspended him on July 26, 2007.

17.     Said white foreman, who falsely accused plaintiff of insubordination in April 2007, brought charges against plaintiff which led to his suspension and termination.

4

18. Charges brought against plaintiff in connection with his suspension were inconsistent, exaggerated, and fabricated.

19. Plaintiff filed a second EEOC charge, No. 440-2007-06723, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, as amended, on July 30, 2007.

20. Defendant terminated plaintiff's employment on August 21, 2007 after an in-house investigation, conducted by UP managers, of said charges.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) and 42 U.S.C. §1981a(a)(1)

1-20. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 20 above, and states further in this Count I.

21. Defendant harassed plaintiff and denied him the promotion to foreman based on his race.

22. The plaintiff's race is African American.

23. Defendant's conduct in hindering plaintiff's wages and job responsibilities and denying plaintiff promotion was discriminatory and in violation of plaintiff's civil rights.

24. Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

25. Defendant, at all relevant times, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and Title I of the Civil Rights Act of 1991.

26. That the aforesaid acts by the Defendant has intentionally discriminated against Plaintiff because of his race by:

5

a) Creating a hostile work environment for the plaintiff and subjecting plaintiff to different terms and conditions of his employment than other employees;

b) Denying plaintiff the position of foreman and instead selected a less experienced, younger, white male;

c) Delegating to plaintiff menial job tasks more appropriate for apprentice or entry level machinists; and

d) Assigning plaintiff the MIC job he held prior without providing appropriate wages or job responsibilities.

27. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, **UP**, for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be proven at the time of trial, including but not necessarily limited to compensatory damages, punitive damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

### COUNT II
### Violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623(a).

1-27. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 27

above, and states further in this Count II.

28. Defendant harassed plaintiff and denied him the promotion to foreman based on his age.

29. Plaintiff was born on September 2, 1958 and at all relevant time, he was in excess of 40 years of age.

30. Defendant's conduct in hindering plaintiff's wages and job responsibilities and denying plaintiff promotion was discriminatory and in violation of plaintiff's rights under the Age in Discrimination in Employment Act.

31. Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

32. Defendant, at all relevant time, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. § 621.

33. That the aforesaid acts by the Defendant has intentionally discriminated against Plaintiff because of his age by:

   a) Creating a hostile work environment for the plaintiff and subjecting plaintiff to different terms and conditions of his employment than other employees;

   b) Denying plaintiff the position of foreman and instead selected a less experienced, younger, white male;

   c) Delegating to plaintiff menial job tasks more appropriate for apprentice or entry level machinists; and

   d) Assigning plaintiff the MIC job he held prior without providing appropriate wages or job responsibilities.

34. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, **UP**, for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be proven at the time of trial, including but not necessarily limited to compensatory damages, punitive damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

### COUNT III
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)

1-34. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 34 above, and states further in this Count III.

35. Section 2000e-3(a) of Title VII prohibits, inter alia, retaliation and discrimination against any individual because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Title VII of the Civil Rights Act of 1964, as amended.

36. Defendant retaliated against plaintiff when he filed a claim alleging discrimination with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission on July 17, 2007.

37. Defendant retaliated against plaintiff by:

   a) Alleging inconsistent, exaggerated, and fabricated charges against plaintiff resulting in his suspension and termination;

   b) Suspending plaintiff from work without pay on July 26, 2007; and

   c) Permanently discharging Plaintiff from his employment on August 21, 2007.

38. Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

39. As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has lost and will continue to lose income, including but not limited to wages, salary increases, insurance and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant **UP** for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be proven at the time of trial, including but not necessarily limited to back pay, front pay, compensatory damages, punitive damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

### COUNT IV
**Retaliation in Violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623(d)**

1-39. Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 39

above, and states further in this Count IV.

40. Section 623(d) of the ADEA prohibits, inter alia, retaliation and discrimination against any individual because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADEA, as amended.

41. Defendant retaliated against plaintiff when he filed a claim alleging discrimination with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission on July 17, 2007.

42. Defendant retaliated against plaintiff by:

   a) Alleging inconsistent, exaggerated, and fabricated charges against plaintiff resulting in his suspension and termination;

   b) Suspending plaintiff from work without pay on July 26, 2007; and

   c) Permanently discharging Plaintiff from his employment on August 21, 2007.

43. Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

44. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost and will continue to lose income, including but not limited to wages, salary increases, insurance and other employment benefits.  Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant **UP** for recovery of reasonable damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, as well as such other damages as may be

proven at the time of trial, including but not necessarily limited to back pay, front pay, compensatory damages, punitive damages, attorneys fees and cost, and such other and further relief as this Court may deem appropriate.

By: s/ John S. Bishof, Jr.
John S. Bishof Jr.

Law Office of John Bishof P.C.
77 West Washington St., Suite 1910
Chicago, IL 60602
Ph: 312-630-2048
Fax: 312-630-2085

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:  [ ] FEPA  [X] EEOC

Agency(ies) Charge No(s): 440-2007-06405

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| | |
|---|---|
| Name: Mr. Alyna Walker | Home Phone: (773) 802-0447 — Date of Birth: 09-02-1958 |
| Street Address: 228 Desplaine, Forest Park, IL 60130 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.

Name: UNION PACIFIC RAILROAD
No. Employees, Members: 500 or More
Phone No.: (773) 475-2200
Street Address: 400 North Pulaski, Chicago, IL 60624

DISCRIMINATION BASED ON:
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-01-2006   Latest: 07-17-2007
[ ] CONTINUING ACTION

THE PARTICULARS ARE:

I began employment with Respondent on or about June 18, 1996. My current position is Machinist. During my employment I was subjected to a racial symbol. In May 2006, I complained to Respondent about the racial symbol. Since my complaint, I have been subjected to harassment. In December 2006, I applied for the Foreman position and was not selected.

I believe that I have been discriminated against because of my race, Black, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against because of my age, 49, (dob 09/02/1958), in violation of The Age Discrimination in Employment Act of 1967, as amended.

```
March 18, 2008    TG
08cv1574
Judge DER-YEGHIAYAN
Magistrate Judge VALDEZ
```

RECEIVED EEOC
JUL 17 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 17, 2007 — Date
*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

KAtHy Cobery

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-06723 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Alyna Walker | (708) 488-1366 | 09-02-1958 |

Street Address: 228 Desplaines, #103, Forest Park, IL 60130

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNION PACIFIC RAILROAD | 201 - 500 | (773) 475-2200 |

Street Address: 400 North Pulaski, Chicago, IL 60624

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-26-2007    Latest: 07-30-2007
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I filed EEOC Charge No. 440-2007-06405 against Respondent on July 17, 2007. I was subsequently suspended on July 26, 2007 and a hearing date has been scheduled.

I believe I have been retaliated against for participating in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe I have been retaliated against for participating in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
JUL 3 0 2007
CHICAGO DISTRICT OFC

```
March 18, 2008   TG
08cv1574
Judge DER-YEGHIAYAN
Magistrate Judge VALDEZ
```

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 30, 2007
*Date*    *Charging Party Signature* (signed: Alyna Walker)

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Alyna Walker<br>228 Desplaines<br>#103<br>Forest Park, IL 60130 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0014 4053 6326

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06405 | Jose Romo,<br>Investigator | (312) 353-8175 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_signature_  1-15-08

John P. Rowe,  (Date Mailed)
District Director

Enclosures(s)

cc:  UNION PACIFIC RAILROAD

```
March 18, 2008    TG
08cv1574
Judge DER-YEGHIAYAN
Magistrate Judge VALDEZ
```

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Alyna Walker
228 Desplaines
#103
Forest Park, IL 60130

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0014 4053 6319

March 18, 2008    TG
08cv1574
Judge DER-YEGHIAYAN
Magistrate Judge VALDEZ

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06723 | Jose Romo, Investigator | (312) 353-8175 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_John P. Rowe_　　　　1-15-08
John P. Rowe,　　　　(Date Mailed)
District Director

Enclosures(s)

cc: UNION PACIFIC RAILROAD