IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ALYNA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1574 |
| | ) | |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, UNION PACIFIC RAILROAD COMPANY ("UP") by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., answers Alyna Walker's Complaint, and states as follows:

### JURISDICTION AND VENUE

1.      This is a civil action arising under the laws of the United States and is brought pursuant to Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*; Title I of the Civil Rights Act of 1991; and Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. §621, to correct unlawful employment practices on the basis of race and age and to provide appropriate relief to classes of employees who were adversely affected by such practices.

**ANSWER:**

Defendant admits this action purports to be one arising under the laws of the United States and brought pursuant the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, to correct alleged unlawful employment practices on the basis of race and age, but denies that there has been a violation of those laws and denies the remaining allegations contained in paragraph 1.

2.      This Court has jurisdiction of the claims pursuant to 28 U.S.C.A. §§ 1331, 1343.

**ANSWER:**

Defendant admits this Court has jurisdiction over claims brought pursuant to the Civil Rights Acts of 1964 and 1991 and the Age Discrimination in Employment Act, but denies this court has jurisdiction over any class claims and denies any remaining allegations contained in paragraph 2.

3.    Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

**ANSWER:**

Defendant admits the allegations contained in paragraph 3.

4.    The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:**

Defendant denies that any unlawful employment practices were committed but admits that venue is proper in this court.

## PARTIES

5.    Plaintiff, **Alyna Walker**, is now, and at all times relevant hereto, a citizen of the State of Illinois and resident of this District in the County of Cook.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in paragraph 5.

6.    Defendant, **Union Pacific Railroad Company (hereinafter "UP")**, is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. The **UP's** principal place of business is located in Omaha, Nebraska. **UP**, at all relevant times, does business as a common carrier by rail in counties of this District to include the County of Cook. The **UP**, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois. **UP** is and was an employer under Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)). For purposes of the Civil Rights Act of 1991 (42 U.S.C. 1981a), **UP** is an employer who employs in excess of fifteen (15) employees.

**ANSWER:**

Defendant admits the allegations contained in paragraph 6.

7.      At all times relevant hereto, Plaintiff, **Alyna Walker**, was employed by Defendant, **UP**, as a machinist.

**ANSWER:**

Defendant admits Plaintiff was last employed by it as a machinist but denies the

remaining allegations contained in paragraph 7.

## ADMINISTRATIVE REQUIREMENTS

8.      On or about July 17, 2007, Plaintiff filed charges of Discrimination against Defendant with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-06405 ("Exhibit A").

**ANSWER:**

Upon information and belief, Defendant admits Plaintiff filed with the EEOC the charge

of discrimination attached to the complaint as Exhibit A, against Defendant, but denies the

allegations of that charge and denies the remaining allegations contained in paragraph 8.

9.      Plaintiff's Charge 440-2007-06405 was timely filed after the alleged unlawful employment practice occurred.  Thus, Plaintiff has satisfied all administrative prerequisites for said charge.

**ANSWER:**

Defendant denies the allegations contained in paragraph 9.

10.      Plaintiff filed an additional Charge of Discrimination with the Illinois Department of Human Rights the EEOC on or about July 30, 2007, Charge No. 440-2007-06723.  (Attached as Exhibit B).

**ANSWER:**

Upon information and belief, Defendant admits that on July 30, 2007, Plaintiff filed with

the EEOC the charge of discrimination attached to the complaint as Exhibit B, against

Defendant, but denies the allegations of that charge and denies the remaining allegations contained in paragraph 10.

11.     Plaintiff's Charge 440-2007-06723 was timely filed after the alleged unlawful employment practice occurred.  Thus, Plaintiff has satisfied all administrative prerequisites for said charge.

**ANSWER:**

Upon information and belief, Defendant admits Plaintiff filed charge number 440-2007-06723 within 300 days of the effective date of the suspension about which he complains in that charge, but denies the remaining allegations contained in paragraph 11.

12.     Plaintiff received right to sue letters for charge 440-2007-06405 and charge 440-2007-00723 from the EEOC both dated January 15, 2008.  Said right to sue letters are attached hereto as "Exhibit C" and "Exhibit D", respectively.  This case is filed within ninety (90) days thereof.

**ANSWER:**

Defendant admits Exhibits C and D to the complaint are the Dismissal and Notice of Rights from the EEOC to Plaintiff for Charge Nos. 440-2007-06405 and 440-2007-06723, both dated January 15, 2008.  Defendant is without information and knowledge sufficient to form a belief as to when Plaintiff received these documents and thus, denies the remaining allegations contained in paragraph 12.

## BACKGROUND

13.     Plaintiff began his employment on or about June 18, 1996 with the defendant, UP, as a machinist.

**ANSWER:**

Defendant admits Plaintiff was hired on June 19, 1996 as a laborer.  Defendant denies the remaining allegations contained in paragraph 13.

14.     Plaintiff had a good performance track record with the defendant.

**ANSWER:**

Defendant denies the allegations contained in paragraph 14.

15.    A pattern of discrimination began in May 2006 and intensified, causing plaintiff to file his EEOC charge no. 440-2007-06405.  Such discriminatory conduct against plaintiff included:

a)    In May 2006, plaintiff reported a white male engineer for violation of the safety regulations and his report was ignored and dismissed by the white male senior manager;

b)    On September 18, 2006, plaintiff was "bumped" from his position as a Machinist In Charge "MIC" to the position of Machinist, though he was never disqualified and had worked the job for two and a half years, by a less experienced white male;

c)    Though plaintiff was the most senior machinist, defendant assigned to him menial jobs more suitable for and historically assigned to an apprentice or entry level machinist.  An example of such an assignment was requiring plaintiff to clean the shop by himself;

d)    In December 2006, Plaintiff applied for the foreman position in his area and was not selected though plaintiff had over twelve years of experience at UP, was the "senior man" on all of his recent jobs, had multiple years of "MIC" experience, and experience as a move foreman.  Defendant selected a twenty-five year old, white male, whose related work history included only the completion of his initial electrician training;

e)    In 2007, plaintiff was assigned to the same "MIC" job he was bumped from on September 18, 2006.  Soon after Plaintiff inquired about the position including a job description, wages, and responsibilities, plaintiff was removed from the position;

f)    Defendant further harassed plaintiff by falsely accusing plaintiff of not completing jobs that were never assigned to him; and

g)    In April 2007, plaintiff was accused of insubordination by his white foreman and an investigation was held which found plaintiff was innocent of the charges.

**ANSWER:**

Defendant denies the allegations contained in paragraph 15.

16.    Plaintiff filed EEOC charge No. 440-2007-06405 alleging racial and age discrimination on July 17, 2007, and defendant, in retaliation, suspended him on July 26, 2007.

**ANSWER:**

Defendant denies the allegations contained in paragraph 16.

17.    Said white foreman, who falsely accused plaintiff of insubordination in April 2007, brought charges against plaintiff which led to his suspension and termination.

**ANSWER:**

Defendant denies the allegations contained in paragraph 17.

18.    Charges brought against plaintiff in connection with his suspension were inconsistent, exaggerated, and fabricated.

**ANSWER:**

Defendant denies the allegations contained in paragraph 18.

19.    Plaintiff filed a second EEOC charge, No. 440-2007-06723, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, as amended, on July 30, 2007.

**ANSWER:**

Upon information and belief, Defendant admits that on July 30, 2007, Plaintiff filed with the EEOC, charge number 440-2007-06723 alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, but denies the allegations of that charge and denies any remaining allegations contained in paragraph 19.

20.    Defendant terminated plaintiff's employment on August 21, 2007 after an in-house investigation, conducted by UP managers, of said charges.

**ANSWER:**

Defendant admits Plaintiff's employment was terminated effective August 21, 2007, but denies the remaining allegations contained in paragraph 20.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. §2000e-2(a) and 42 U.S.C. §1981a(a)(1)

1-20.   Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 20 above, and states further in this Count I.

**ANSWER:**

Defendant reasserts its answers to Paragraphs 1 through 20 above and its answers to paragraphs 1-20 of Count I, as if fully set forth herein.

21.     Defendant harassed plaintiff and denied him the promotion to foreman based on his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21.

22.     The plaintiff's race is African American.

**ANSWER:**

Defendant admits the allegations contained in paragraph 22.

23.     Defendant's conduct in hindering plaintiff's wages and job responsibilities and denying plaintiff promotion was discriminatory and in violation of plaintiff's civil rights.

**ANSWER:**

Defendant denies the allegations contained in paragraph 23.

24.     Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 24.

25.     Defendant, at all relevant times, acted with  malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*, and Title I of the Civil Rights Act of 1991.

**ANSWER:**

Defendant denies the allegations contained in paragraph 25.

26.    That the aforesaid acts by the Defendant has intentionally discriminated against Plaintiff because of his race by:

a)    Creating a hostile work environment for the plaintiff and subjecting plaintiff to different terms and conditions of his employment than other employees;

b)    Denying plaintiff the position of foreman and instead selected a less experienced, younger, white male;

c)    Delegating to plaintiff menial job tasks more appropriate for apprentice or entry level machinists; and

d)    Assigning plaintiff the MIC job he held prior without providing appropriate wages or job responsibilities.

**ANSWER:**

Defendant denies the allegations contained in paragraph 26.

27.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**ANSWER:**

Defendant denies the allegations contained in paragraph 27.

**COUNT II**
**Violation of Age Discrimination in Employment Act of 1967, as amended,**
**29 U.S.C. §623(a).**

1-27.   Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 27 above, and states further in this Count II.

**ANSWER:**

Defendant reasserts its answers to Paragraphs 1 through 27 above and its answers to

paragraphs 1-27 of Count II, as if fully set forth herein.

28.    Defendant harassed plaintiff and denied him the promotion to foreman based on his age.

**ANSWER:**

Defendant denies the allegations contained in paragraph 28.

29.    Plaintiff was born on September 2, 1958 and at all relevant time, he was in excess of 40 years of age.

**ANSWER:**

Upon information and belief, Defendant admits Plaintiff's date of birth is September 2,

1958, but denies the remaining allegations contained in paragraph 29.

30.    Defendant's conduct in hindering plaintiff's wages and job responsibilities and denying plaintiff promotion was discriminatory and in violation of plaintiff's rights under the Age in Discrimination in Employment Act.

**ANSWER:**

Defendant denies the allegations contained in paragraph 30.

31.    Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 31.

32.    Defendant, at all relevant time, acted with malice or reckless indifference to the federally protected rights of Plaintiff in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A. § 621.

**ANSWER:**

Defendant denies the allegations contained in paragraph 32.

33.    That the aforesaid acts by the Defendant has intentionally discriminated against Plaintiff because of his age by:

a)    Creating a hostile work environment for the plaintiff and subjecting plaintiff to different terms and conditions of his employment than other employees;

b)    Denying plaintiff the position of foreman and instead selecting a less experienced, younger, white male;

c)    Delegating to plaintiff menial job tasks more appropriate for apprentice or entry level machinists; and

d)    Assigning plaintiff the MIC job he held prior without providing appropriate wages or job responsibilities.

**ANSWER:**

Defendant denies the allegations contained in paragraph 33.

34.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**ANSWER:**

Defendant denies the allegations contained in paragraph 34.

**COUNT III**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. § 2000e-3(a)**

1-34.    Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 34 above, and states further in this Count III.

**ANSWER:**

Defendant reasserts its answers to Paragraphs 1 through 34 above and its answers to

paragraphs 1-34 of Count III, as if fully set forth herein.

35.    Section 2000e-3(a) of Title VII prohibits, inter alia, retaliation and discrimination against any individual because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Title VII of the Civil Rights Act of 1964, as amended.

- 10 -

**ANSWER:**

Defendant states that paragraph 35 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the allegations contained in paragraph 35.

36.     Defendant retaliated against plaintiff when he filed a claim alleging discrimination with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission on July 17, 2007.

**ANSWER:**

Defendant denies the allegations contained in paragraph 36.

37.     Defendant retaliated against plaintiff by:

    a)    Alleging inconsistent, exaggerated, and fabricated charges against plaintiff resulting in his suspension and termination;

    b)    Suspending plaintiff from work without pay on July 26, 2007; and

    c)    Permanently discharging Plaintiff from his employment on August 21, 2007.

**ANSWER:**

Defendant denies the allegations contained in paragraph 37.

38.     Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 38.

39.     As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has lost and will continue to lose income, including but not limited to wages, salary increases, insurance and other employment benefits.  Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**ANSWER:**

Defendant denies the allegations contained in paragraph 39.

## COUNT IV
## Retaliation in Violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623(d)

1-39.   Plaintiff reaffirms and realleges the allegations contained in Paragraph 1 through 39 above, and states further in this Count IV.

**ANSWER:**

Defendant reasserts its answers to Paragraphs 1 through 39 above and its answers to

paragraphs 1-39 of Count IV, as if fully set forth herein.

40.   Section 623(d) of the ADEA prohibits, inter alia, retaliation and discrimination against any individual because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under the ADEA, as amended.

**ANSWER:**

Defendant states that paragraph 40 states a legal conclusion to which no answer is

required.  To the extent an answer is required, Defendant denies the allegations contained in

paragraph 40.

41.   Defendant retaliated against plaintiff when he filed a claim alleging discrimination with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission on July 17, 2007.

**ANSWER:**

Defendant denies the allegations contained in paragraph 41.

42.   Defendant retaliated against plaintiff by:

  a)   Alleging inconsistent, exaggerated, and fabricated charges against plaintiff resulting in his suspension and termination;

  b)   Suspending plaintiff from work without pay on July 26, 2007; and

  c)   Permanently discharging Plaintiff from his employment on August 21, 2007.

**ANSWER:**

Defendant denies the allegations contained in paragraph 42.

43.     Upon information and belief, the unlawful discriminatory practices by Defendant, as set forth above, were intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 43.

44.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost and will continue to lose income, including but not limited to wages, salary increases, insurance and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness, humiliation about the ability to support himself, as well as disruption of his personal life and damage to his employment reputation.

**ANSWER:**

Defendant denies the allegations contained in paragraph 44.

**Affirmative Defenses**

1.     All employment decisions made by Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons.

2.     Plaintiff's claims are barred to the extent they exceed the scope of the allegations contained in his EEOC charges.

3.     Plaintiff's claims may be barred, in whole or in part, by his failure to satisfy the administrative prerequisites to suit. Specifically, any claims that arose more than 300 days before Plaintiff filed a proper charge of discrimination or as to which no timely charge was filed, are barred.

4.     Plaintiff's claims are barred by the doctrines of laches, waiver or estoppel and/or by Plaintiff's own actions, inactions or omissions.

5.     Defendant took reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

6.     Even if the trier of fact were to determine that a discriminatory motive or reason played any part in the employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory reasons.

7.     Defendant's actions concerning Plaintiff's employment were taken in the good faith belief, based upon reasonable grounds, that they did not violate any provisions of Title VII or ADEA.

8.     Plaintiff has failed to state a claim against Defendant that would warrant an award of punitive damages.

9.     Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

10.     Punitive damages may not be awarded because any actions arguably justifying punitive damages were not authorized or ratified by Defendant and were committed, if at all, outside the scope of the agency or employment of the actor; further any such conduct warranting punitive damages, which is denied, was contrary to Defendant's personnel policies, compliance efforts, and effective solutions to employee EEO concerns.

11.     Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

WHEREFORE, Defendant respectfully requests that the complaint be dismissed and it be awarded its attorneys fees and costs in this action.

UNION PACIFIC RAILROAD COMPANY


By:   Carol A. Poplawski
                     One of Its Attorneys

Carol A. Poplawski (#6192132)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220

Date:  April 28, 2008

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 28th day of April, 2008, she electronically filed the foregoing **ANSWER** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

John S. Bishof, Jr.
LAW OFFICE OF JOHN BISHOF P.C.
77 West Washington Street, Suite 1910
Chicago, IL 60602


/s/ Carol A. Poplawski _____

6161672.1